UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARDO VELAZQUEZ MOYA,

Petitioner,

v. Case No.: 2:26-cv-2829-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

## OPINION AND ORDER

Before the Court are Leonardo Velazquez Moya's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Velazquez Moya is a noncitizen in immigration detention. On August 26, 2026, this Court granted his first habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court will thus order the respondents to either bring Velazquez Moya before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Velazquez Moya receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

(M.D. Fla. Case No. 2:26-cv-2331-SPC-KRH, Doc. 4).

Immigration Judge Scott Alexander conducted a bond hearing on July 29, 2026, and denied bond with this order: "Respondent failed to meet his burden to establish that he does not present a danger to the community based on his extensive traffic record over the past several years" (Doc. 1-1 at 3). Velazquez Moya argues the bond hearing did not comply with the Court's order, and the government concedes that Judge Alexander's order (1) does not reflect consideration of the *Guerra* factors and (2) indicates Judge Alexander placed the burden on Velazquez Moya. Because Velazquez Moya did not receive a bond hearing that complied with the Court's prior habeas order, he is entitled to the alternative relief—immediate release.

Accordingly, it is

**ORDERED**:

Velazquez Moya's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

1. The respondents shall release Velazquez Moya within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk shall terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record